# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **BARBARA DAVIDSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. H-05-03607** |
| | § | |
| **SOUTHERN FARM BUREAU** | § | |
| **CASUALTY INSURANCE COMPANY** | § | |
| **AND WILLIAM CHAPMAN** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendants' Motion to Dismiss (Doc. # 5) and Plaintiff's Motion to Remand (Doc. # 6). For the reasons set forth below, Defendants' motion is **DENIED**, and Plaintiff's motion is **GRANTED**.

## I. Background

This case arises from Plaintiff's claims for insurance benefits following an automobile accident involving an underinsured motorist. At the time of the accident, Plaintiff had an automobile insurance policy with Defendant Southern Farm Bureau Casualty Insurance Company ("Farm Bureau"), including coverage limits of $100,000/$300,000 for bodily injury and $50,000 for property damage. Plaintiff subsequently filed a claim with Farm Bureau for underinsured motorist coverage, which was denied by Defendant William Chapman ("Chapman"), a Farm Bureau claims adjustor.

Plaintiff subsequently filed a Petition for Order to Take Discovery to Investigate Claim, under Texas Rule of Civil Procedure 202, in state court. Plaintiff's petition named Farm Bureau and Chapman as adverse parties, and stated that Chapman was the person most knowledgeable about Plaintiff's underinsured motorist claims. The petition stated that Plaintiff wished to depose

Chapman in order to determine what, if any, claims Plaintiff may have arising out of the accident and Chapman's denial of her underinsured motorist claim.  Plaintiff also asserted that the benefits of proceeding with Chapman's deposition, including the investigation of Plaintiff's potential claims and the preservation of his testimony, would outweigh the burden and expense of the deposition.

Defendants removed Plaintiff's petition to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  Defendants asserted that the amount in controversy requirement was satisfied because, although Plaintiff's petition had made no claim for any specific monetary amount, a letter from Plaintiff's counsel had previously demanded the "available limits" of Plaintiff's underinsured motorist policy, which totaled over $75,000. Defendants further asserted that complete diversity existed, as Plaintiff had alleged no basis for a claim against Chapman, and therefore, had fraudulently joined him in her petition.

Plaintiff has now moved this Court to remand her petition for discovery to state court. Plaintiff argues that a petition for discovery under Texas Rule of Civil Procedure 202 is not a "civil action" that can be removed to federal court.  Plaintiff additionally contends that this Court lacks diversity jurisdiction over her petition for discovery, because there is no amount in controversy, and because Chapman was not fraudulently joined, thereby defeating complete diversity.  Defendants oppose a remand of Plaintiff's petition to state court, and instead, have moved to dismiss the petition for failure to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6).  Defendants also seek to dismiss Chapman as a party to Plaintiff's petition, arguing that he was fraudulently joined.  Having considered the parties' briefs and oral arguments, the Court finds that removal of Plaintiff's petition to federal court was improper, and that her petition should therefore be remanded to state court.

**II. Plaintiff's Motion to Remand**

Removal to federal court is available for "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A party seeking removal, or defending against a motion to remand, bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). When assessing the propriety of removal, the Court must strictly construe removal statutes because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Any doubts as to the Court's subject matter jurisdiction should be resolved by remanding the case to state court. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

*A. Petition for Discovery Under Texas Rule of Civil Procedure 202*

Texas Rule of Civil Procedure 202 provides that a person may petition the court for authorization to conduct a deposition, either "(a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim." TEX. R. CIV. P. 202(1). Upon such a petition, a court must order the deposition to be taken if it finds that: "(1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." TEX. R. CIV. P. 202(4). The Texas Supreme Court has opined that a Rule 202 petition for deposition "is not of itself an independent suit, but is in aid of and incident to an anticipated suit . . . [it] is purely an ancillary matter." *Office Employees Int'l Union v. Southwestern Drug Corp.*, 391 S.W.2d 404, 406 (Tex. 1965) (referencing Texas Rule of Civil Procedure 187, now codified at Rule 202).

The Fifth Circuit has not addressed the issue of whether a petition for discovery under Texas Rule of Civil Procedure 202 constitutes a "civil action" for removal purposes. *Texas v. Real Parties in Interest*, 259 F.3d 387, 395 n.14 (5th Cir. 2001) (declining to decide whether a Rule 202 petition is a "civil action" for removal purposes).  Because this Court concludes that a petition for discovery under Rule 202 does not constitute the filing of a civil lawsuit, the Court joins others within this district, which have held that a Rule 202 petition is not a "civil action" removable under 28 U.S.C. § 1441.

As the court noted in *Mayfield-George v. Texas Rehabilitation Commission*, a Rule 202 petition does not assert any claim or cause of action upon which a court could grant relief.  197 F.R.D. 280, 283 (N.D. Tex. 2000); *see also McCrary v. Kan. City So. RR.*, 121 F. Supp. 2d 566, 569 (E.D. Tex. 2000).  On the contrary, a Rule 202 petition is "merely a petition for an order authorizing the taking of a deposition for use in an anticipated suit, maybe with federal [subject matter] jurisdiction, maybe not." *Mayfield-George*, 197 F.R.D. at 283.  A Rule 202 petition may never lead to a civil lawsuit, as the resulting deposition could just as easily indicate that the petitioner has no legal claim against the deponent or any other person or entity.  Additionally, it would be difficult for a federal court to determine, with any certainty, that it has federal question or diversity jurisdiction over a Rule 202 petition, since the petition articulates no specific claims against any particular civil defendants.  *See id.*  Because a Rule 202 petition is not in itself a civil lawsuit, it is not removable to federal court.  *Id.* at 283-84; *McCrary*, 121 F. Supp. 2d at 569; *Linzy Cedar Hill Indep. Sch. Dist.*, 2001 WL 912649 at *4-5 (N.D. Tex. 2001) (finding that a Rule 202 proceeding does not constitute a civil lawsuit or proceeding).

Defendants correctly assert that one federal court in Texas has reached a contrary conclusion, holding that a Rule 202 proceeding bears all indicia of a civil suit and is, therefore,

removable under 28 U.S.C. § 1441.  *In re Texas*, 110 F. Supp. 2d 514, 521-22 (E.D. Tex. 2000). In that case, the court found that, in a Rule 202 proceeding, "there is a controversy between parties; there are pleadings (the [Rule 202] petition); relief is sought (the [petitioner] has prayed for a court order authorizing the taking of depositions); and a judicial determination is required-specifically, whether authorizing depositions may prevent injustice or, on balance, will not be unduly burdensome." *Id.*  This Court respectfully disagrees with the holding of *Texas*.

First, as recognized by the *Mayfield-George* court, *Texas* involved facts distinguishable from those of *Mayfield-George* and the case at issue here, as *Texas* concerned the "multi-billion dollar tobacco litigation settlement between the State of Texas and the tobacco industry," in which the State's Rule 202 petition threatened to undermine the federal court's settlement order. *Mayfield-George*, 197 F.R.D. at 283 n.1; *see also Texas*, 110 F. Supp. 2d at 515-518.  Although this was not explicitly determinative of the court's holding, it is notable that the Rule 202 petition in *Texas* was related to an ongoing and complex civil action in federal court. Additionally, the Fifth Circuit later reversed the district court's decision in *Texas*, with instructions to remand the Rule 202 proceeding to state court, albeit on other grounds.  *Real Parties in Interest*, 259 F.3d at 388-89.  As noted above, the Fifth Circuit specifically declined to address whether the Rule 202 proceeding was a removable "civil action."  *Id.* at 395 n.14.

Further, the findings of Texas courts, that Rule 202 petitions are ancillary proceedings and not in themselves lawsuits, should be accorded greater weight in the determination of whether a Rule 202 petition is removable to federal court.  As the court recognized in *Texas*, although it is not controlling, "the decision of the state court as to the nature of a proceeding under state statutes sought to be removed is, of course, very persuasive."  *Id.* at 520 (citing *Comm'rs of Road Improvement Dist. No. 2 v. St. Louis Southwestern Ry. Co.*, 257 U.S. 547, 558

(1922)).  Here, the Texas Supreme Court has unequivocally found that the Texas procedural rules allowing petitions for discovery do not create independent civil actions.  *Office Employees Int'l Union*, 391 S.W.2d at 406.  For this Court to conclude that a state petition for discovery is a civil action for purposes of the federal removal statute, though the petition would not be treated as a civil action by state courts, would be inconsistent with the Court's responsibility to strictly construe removal statutes.  *See Mayfield-George*, 197 F.R.D. at 283-84; *Willy*, 855 F.2d at 1164 (holding that removal statutes raise "significant federalism concerns" and must be strictly construed).

Finally, the Court notes the difficulties in determining the existence of subject matter jurisdiction over a Rule 202 petition, to which the Court will turn in greater detail below.  Because any doubts as to whether removal was proper must be resolved against federal jurisdiction, these difficulties also counsel in favor of remanding Plaintiff's petition to state court.  For these reasons, the Court finds that a Rule 202 petition is not a "civil action" removable under 28 U.S.C. § 1441, and that Plaintiff's petition for discovery should, therefore, be remanded to state court.

### B. Lack of Complete Diversity and Fraudulent Joinder

Alternatively, even if a petition for discovery under Rule 202 were removable to federal court, the Court cannot conclude that it has subject matter jurisdiction over the instant petition, because the parties lack complete diversity.

Here, although Defendant Chapman is a Texas citizen,[1] as is Plaintiff, Defendants argue that Plaintiff fraudulently joined him in her Rule 202 petition.  If Chapman was improperly joined, his citizenship becomes irrelevant for jurisdictional purposes, and, assuming that the

---

[1] Pl.'s Pet. for Order to Take Disc. to Investigate Claim, at III, V (providing a Texas address for Chapman).  Defendants have not challenged Chapman's Texas citizenship.

amount in controversy requirement is also met,[2] the Court would have diversity jurisdiction over this case.  *See McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004) ("[D]iversity cannot be destroyed by a plaintiff fraudulently joining a non-diverse defendant.").  Defendants bear the burden of establishing that Chapman was improperly joined.  This burden of persuasion is a heavy one, and any contested issues of fact or ambiguities of state law must be taken in the light most favorable to Plaintiff.  *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003).

Because a Rule 202 petition in not a typical civil lawsuit, it is somewhat unclear how the Court should analyze Defendants' claim of fraudulent joinder.  Normally, a defendant may establish improper joinder by showing:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis*, 326 F.3d at 646-47).  Only the second method would be at issue here, because Defendants do not allege fraud in the jurisdictional facts.  To succeed on their claim of improper joinder under this method, Defendants would have to demonstrate that there is no reasonable basis for the Court to predict that Plaintiff might be able to recover against Chapman.  *See id*.  In assessing an improper joinder claim, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."  *Id*. (footnote omitted).

Here, however, the Court's inquiry must necessarily deviate from the standard Rule 12(b)(6)-type analysis, as Plaintiff's petition for discovery does not and need not state any causes

---

[2] The parties vigorously dispute whether Plaintiff's Rule 202 petition meets the amount in controversy requirement of 28 U.S.C. § 1332.  Because the Court concludes that the parties are not completely diverse, and because the Court therefore lacks subject matter jurisdiction over Plaintiff's petition, however, it need not reach the issue of whether the amount in controversy requirement has been satisfied.

of action against Chapman or Farm Bureau, but rather, seeks to take Chapman's deposition in order to investigate potential claims that Plaintiff might have.  The recovery sought by Plaintiff in her Rule 202 petition is simply an order allowing her to depose Chapman.  Accordingly, it would seem that, if Plaintiff could prevail on her petition and obtain an order to proceed with Chapman's deposition, then Chapman has not been fraudulently joined as a party to the petition. Here, Plaintiff has properly filed her Rule 202 petition in accordance with the Texas Rules of Civil Procedure, and Defendants have not demonstrated any reasonable basis for the Court to predict that Plaintiff will not be permitted her requested deposition of Chapman.[3]

Defendants contend, on the contrary, that the test for fraudulent joinder in this case should be whether Chapman could ultimately be liable to Plaintiff in a subsequently-filed lawsuit.  Thus, if Plaintiff could conceivably state a claim against Chapman, arising from his denial of her underinsured motorist claim, and based upon information that she might gather during his deposition, the Court cannot find that Chapman was fraudulently joined.  Even under this test, however, Defendants have failed to show that Chapman was improperly joined.

As Plaintiff correctly asserts, a number of courts have held that an individual insurance adjustor may be personally liable to an insured under the Texas Insurance Code.  *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484-86 (Tex. 1998) (finding that an employee of an insurance company, who engages in the business of insurance, is a "person" who may be liable for engaging in deceptive trade practices in the insurance business, under Texas Insurance Code Article 21.21); *Vargas v. State Farm Lloyds*, 216 F. Supp. 2d 643, 648-50 (S.D. Tex. 2002) (finding that "an insurance adjuster, much like an insurance agent, can be subject to suit under Article 21.21," and holding that the insurance adjuster named in that suit had not been

---

[3] Defendants, who bear the burden of establishing improper joinder, have also failed to cite any authority indicating that naming a potential deponent as an adverse party to a Rule 202 petition is improper.

fraudulently joined); *Cornman v. State Farm Lloyds*, 2001 WL 34098622 at *4-5 (S.D. Tex. 2001) (holding that an insurance adjuster charged with violating Article 21.21 of the Texas Insurance Code had not been fraudulently joined, and remanding the case to state court). Therefore, Chapman could conceivably be liable to Plaintiff, at least for deceptive insurance practices under Texas Insurance Code Article 21.21.

Defendants additionally contend that Plaintiff has failed to articulate any specific facts giving rise to Chapman's liability under Texas Insurance Code Article 21.21, nor any good faith basis for exploring deceptive insurance practices claims against Chapman. While Defendants are correct that Plaintiff has not made any specific showing that she has such a claim against Chapman, requiring Plaintiff to make such a showing in support of her petition for discovery would be contrary to Texas Rule of Civil Procedure 202. Rule 202 permits a petitioner to take a pre-suit deposition upon a court's finding that the deposition will prevent a failure or delay of justice in an anticipated suit, or that the burden or expense of the deposition is outweighed by the benefit of proceeding with the deposition to investigate potential claims. Rule 202 does not require a person seeking to take a deposition to set forth the specific factual basis of his or her potential claims, and neither will this Court.

Plaintiff could conceivably recover from Chapman, either by simply obtaining an order to take his deposition, pursuant to her Rule 202 petition, or by ultimately demonstrating his liability under the Texas Insurance Code. Defendants have therefore failed to show that there is no reasonable basis for the Court to predict that Plaintiff might be able to recover against Chapman, and accordingly, they have failed to establish that Chapman was fraudulently joined. Because Plaintiff and Defendant Chapman are both Texas citizens, complete diversity is lacking, and the Court is deprived of jurisdiction under 28 U.S.C. § 1332. Accordingly, the Court must also

remand Plaintiff's petition for discovery to state court for a lack of federal subject matter jurisdiction.

### III. Defendants' Motion to Dismiss

Because the Court has concluded that Plaintiff's petition for discovery should be remanded to state court, it would be inappropriate for the Court to proceed to consider Defendants' motion to dismiss the petition.[4]   Defendants may instead assert their arguments against Plaintiff's petition in state court, following remand.   Accordingly, Defendants' motion is **DENIED**.

### IV. Conclusion

Plaintiff's Motion to Remand is **GRANTED**, and the case is **REMANDED** to state court.   Defendants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 19th day of June, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**

---

[4] The Court also notes its skepticism of Defendants' argument that, if the Court were to consider the sufficiency of Plaintiff's petition, it should apply the standard of Federal Rule of Civil Procedure 12(b)(6).  On the contrary, a petition for discovery under Texas Rule of Civil Procedure 202 should be evaluated in accordance with the standards set forth by the State's procedural rules.